UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTRY WILLIS,<br><br>    Plaintiff,<br><br>v.<br><br>INMARKET MEDIA, LLC,<br><br>    Defendant. | Case Nos. 3:24-cv-00511-JSC<br>           3:24-cv-00683-JSC<br><br>**ORDER RE: MOTION TO CONSOLIDATE AND MOTION TO APPOINT INTERIM CLASS COUNSEL**<br><br>Re: Dkt. No. 11 |
| KENNETH KRUGER,<br><br>    Plaintiff,<br><br>v.<br><br>INMARKET MEDIA, LLC,<br><br>    Defendant. | |

In these related actions, Plaintiffs bring data privacy claims against InMarket Media on behalf of putative nationwide classes and California subclasses. Plaintiffs' motion to consolidate and for appointment of interim class counsel is now pending before the Court. (Dkt. No. 11.[1]) After carefully considering the motion and the relevant legal authority, the Court concludes oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the June 20, 2024 hearing, and GRANTS IN PART and DENIES IN PART the motion.

//

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

**DISCUSSION**

Plaintiffs Autry Willis and Kenneth Kruger filed these putative class actions within a week of each other. Plaintiffs allege InMarket Media collected, stored, shared, and/or used their historical and real-time geolocation data without their informed consent including through an InMarket Software Development Kit that was embedded in third-party applications. Plaintiffs bring identical claims under California law and the *Kruger* action also pleads a claim under the Federal Wiretap Act, 18 U.S.C. § 2510.

On the heels of the complaints, Plaintiffs filed the now pending motion to consolidate the actions under Federal Rule of Civil Procedure 42(a) and motion for appointment of interim class counsel under Federal Rule of Civil Procedure 23(g). Upon receipt, the Court related the two actions under Civil Local Rule 3-12 and continued the hearing on the motion until June 13, 2024 to allow Defendant time to appear and respond to the complaint, and because Plaintiffs had indicated other duplicative actions were likely to be filed.[2] (Dkt. Nos. 16, 17.) The parties thereafter filed a stipulation that any response to the complaints would be due after the Court ruled on the pending motion. (Dkt. No. 18.)

**A. Consolidation**

Plaintiffs contend consolidation is appropriate because the two actions assert common claims against the same defendant based on the same alleged misconduct and seek certification of similar classes based on allegations of similar harm. Under Rule 42(a), consolidation may be appropriate "[i]f actions before the court involve common questions of law or fact." Fed. R. Civ. P. 42(a). Districts courts have "broad discretion" under Rule 42(a) to consolidate cases pending in the same district. *Inv'r Res. Co. v. United States Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). Given the overlapping claims, classes, and defendant, as well as InMarket Media's non-opposition, the Court concludes consolidate is appropriate and grants the motion to consolidate.

//

---

[2] The Court subsequently reset this date to June 20, 2024 based on its own unavailability. (Dkt. No. 21.)

**B. Appointment of Interim Class Counsel**

The Court, however, is not persuaded appointment of interim class counsel is appropriate at this time. In their motion, Plaintiffs indicate appointment is necessary because "other duplicative actions will likely be filed in this Court and elsewhere," but it does not appear any such actions have been filed, at least in this District. (Dkt. No. 11 at 8.)

Under Rule 23(g)(3), a district court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). The "appointment of interim class counsel is discretionary." *Bielski v. Coinbase, Inc.*, No. C 21-07478 WHA, 2022 WL 17650535, at *2 (N.D. Cal. Dec. 13, 2022). "[C]ourts have recognized that the typical situation requiring appointment of interim class counsel is one where a large number of putative class actions have been consolidated or otherwise are pending in a single court." *Imran v. Vital Pharms., Inc.*, No. 18-CV-05758-JST, 2019 WL 1509180, at *10 (N.D. Cal. Apr. 5, 2019) (cleaned up). Because these circumstances have not manifested here and numerous other actions with overlapping claims have not in fact been filed, the Court sees no reason to deviate from the normal procedure for class actions. *See In re Roundup Prod. Liab. Litig.*, No. 16-md-02741-VC, 2020 WL 1983256, at *1 (N.D. Cal. Apr. 27, 2020) ("The appointment of class counsel is typically considered once a class has been certified absent a special justification.").

Plaintiffs' counsel in these actions appear to be working well together and indeed, as lead counsel in each seek appointment as co-lead interim counsel, there will be no difference in the workload among the two whether interim appointment is granted or not. According to the advisory committee notes that accompanied the 2003 amendments to Rule 23, the benchmark for appointment of interim class counsel is whether the designation of interim counsel is "necessary to protect the interests of the putative class." Plaintiffs have not shown under the present circumstances that appointment of interim counsel is necessary to protect the interests of the class.

Accordingly, the motion for appointment of interim class counsel is denied without prejudice.

**CONCLUSION**

For the reasons stated above, the motion to consolidate is GRANTED and the motion for

appointment of interim class counsel is DENIED without prejudice.  These related actions are consolidated under the docket number of the first-filed *Willis* case, No. 3:24-cv-00511-JSC, under the title *In re InMarket Media Location Data Tracking Litigation*.

Within 21 days of the date of this Order, Plaintiffs shall file and serve a consolidated complaint.  Defendant's response is due 30 days after filing of the consolidated complaint.

The Court sets an initial case management conference for August 29, 2024 at 1:30 p.m. via videoconference.  A joint case management conference statement is due August 22, 2024.

This Order disposes of Docket No. 11.

**IT IS SO ORDERED.**

Dated:  June 11, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge