**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Joseph I. Marchese (*pro hac vice* forthcoming)
Julian C. Diamond (*pro hac vice* forthcoming)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: jmarchese@bursor.com
       jdiamond@bursor.com

*[Additional counsel listed on signature page]*

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE INMARKET MEDIA LOCATION DATA TRACKING LITIGATION | Case No. 3:24-cv-00511-JSC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: August 29, 2024<br>Time: 1:30 p.m.<br>Via Zoom<br><br>Judge Jacqueline Scott Corley |

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:24-CV-00511-JSC

Plaintiff Autry Willis ("Plaintiff Willis") in *Willis v. InMarket Media, LLC*, No. 3:24-cv-00511-JSC and Plaintiff Kenneth Kruger ("Plaintiff Kruger") in *Kruger v. InMarket Media, LLC*, No. 3:24-cv-00683-JSC (collectively, "Plaintiffs") and Defendant InMarket Media, LLC ("Defendant" and together with Plaintiffs, the "Parties"), by and through their attorneys of record, submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**I.     JURISDICTION AND SERVICE**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) because at least one member of the proposed class is a citizen of a different state than the Defendant, there are more than 100 members of the class, and the aggregate amount in controversy exceeds $5,000,000.00.

Plaintiffs assert that personal jurisdiction exists because Defendant purposefully availed itself of this forum by conducting substantial business within California such that Defendant has significant, continuous, and pervasive contacts with the State of California, and that venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant does substantial business in this District and a substantial part of the events giving rise to Plaintiffs' claims took place within this District. Defendant has not filed a motion under Rule 12 to challenge personal jurisdiction or venue.

Service of the Complaints are complete. Plaintiff Willis served Defendant with a copy of her Complaint on February 1, 2024. Plaintiff Kruger served Defendant with a copy of his Complaint on February 13, 2024. Plaintiffs filed a Consolidated Class Action Complaint on July 2, 2024.

**II.    FACTS**

**Plaintiffs' Statement:** Defendant "is a digital marketing platform and data aggregator that obtains large swaths of personal data on consumers … to facilitate targeted advertising to consumers on their mobile devices for the company's clients, which include brands and advertising agencies." Plaintiff's Motion to Consolidate Cases and Appoint Interim Counsel, Case 3:24-cv-00511, ECF No. 11, at 11. In doing so, Plaintiffs allege that Defendant "unlawfully intercepts and collects historic and real-time geolocation data through InMarket-owned and -operated applications, or through the InMarket Software Development Kit ("SDK") that is embedded into many third-party applications without informed user consent." *Id.* Specifically, "InMarket fails to notify the users of its InMarket-

owned and -operated applications that their location data will be used for targeted advertising and fails to verify that third-party apps incorporating the InMarket SDK have notified consumers of such use." *Id.* Accordingly, "[t]his alleged unlawful activity amounts to an enormous wealth of data that InMarket has compiled for its financial gain." *Id*. at 12.

**Defendant's Statement:**

Defendant disputes Plaintiffs' claims and many of the relevant facts alleged in the Consolidated Class Action Complaint. Defendant's owned-and-operated mobile phone applications are not properly at issue in this case. Neither Plaintiff alleges that they downloaded, operated, or in any way used or accessed a mobile phone application owned or operated by Defendant. Defendant further contends that it has, at all relevant times, adequately disclosed its data collection and use activities in compliance with applicable legal requirements. With respect to the "software development kit" that Defendant is alleged to have made available to non-party mobile application developers, Plaintiffs have intentionally refused to disclose what application they downloaded, when they downloaded it, where they used it, or any other information about the factual predicate for their claims. To be clear, Defendant had not located any records related to either Plaintiff. Defendant further disputes Plaintiffs' allegations regarding the disclosures made by non-party mobile application developers who have used Defendant's code, and notes that mobile phone operating systems request permissions for collection and/or disclosure of geolocation information. In addition to these factual disagreements, of which there are further, Defendant has filed a motion to dismiss on the grounds that Plaintiffs' non-conclusory factual allegations, even if taken as true, fail to state a claim as a matter of law.

**III.   LEGAL ISSUES**

**Plaintiffs' Statement:** Plaintiffs assert seven claims individually and on behalf of all individuals, defined as all persons in California whose data, including but not limited to their geolocation data, was collected by Defendant without their consent, including: (1) Invasion of Privacy; (2) violation of the California Computer Data Access and Fraud Act, Cal. Penal Code. § 502; (3) Use of a Pen Register or Trap and Trace Device, Cal. Penal Code § 638.51; (4) Violation of the California Wiretapping Act, Cal. Penal Code § 631; (5) Unfair Practices in Violation of the

California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200; (6) Unlawful Practices in Violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200; and (7) Unjust Enrichment.

The principal issues in this case relate to whether Defendant's practices concerning the collection and sale of users' geolocation data without their informed consent are deceptive; the nature of the relief, including equitable relief, to which Plaintiffs and the class are entitled; and whether the facts support class certification under Rule 23.

**Defendant's Statement:**

On August 1, 2024, Defendant filed a motion to dismiss all of Plaintiffs' claims pursuant to Rule 12(b)(6). Plaintiffs' invasion of privacy claim fails because they have failed to plead facts sufficient to reflect a legally protected privacy interest and a reasonable expectation of privacy, nor that Defendant invaded any such interest in a prohibited manner. Their California Comprehensive Data Access and Fraud Act claim likewise fails, because they have failed to allege a compensable harm, nor that Defendant knowingly obtained any covered data or information without consent. Plaintiffs' "pen register" claim under Cal. Pen. Code § 638.51 fails as a matter of law because their non-conclusory allegations fail to identify the existence of a "pen register" maintained or implemented by Defendant, or Defendant's receipt of information covered by this statute. Plaintiffs' "interception" theory under Cal. Pen. Code § 631 fails for a range of reasons, as certain prongs of this statute are limited to landline telephones, and the others are not applicable here because Plaintiffs did not send or make any communications, nor did Defendant receive or intercept any California Invasion of Privacy Act-covered communications made by Plaintiffs. Plaintiffs' Unfair Competition Law ("UCL") claims fail as a matter of law because they have failed to allege facts reflecting statutory standing under the UCL, and because their other legal claims fail. And finally, Plaintiffs' claim for "unjust enrichment" fails because that is not a cause of action under California law.

Beyond these arguments, which at present assume the truth of Plaintiffs' non-conclusry factual allegations, Defendant contends that discovery will yield additional information to support a motion for summary judgment.

**IV.     MOTIONS**

Plaintiff Willis filed her complaint on January 26, 2024.  Plaintiff Kruger filed his complaint on February 5, 2024.  Plaintiffs filed a consolidated amended complaint on July 2, 2024.

Defendant filed a motion to dismiss on August 1, 2024.  Plaintiffs will file their opposition on September 16, 2024.  Defendant's reply is due on October 7, 2024.  Defendant's motion is set for hearing on November 7, 2024 at 10:00 a.m.

**Plaintiffs' Statement:** Plaintiffs intend to file a motion for class certification as outlined in further detail below.

**Defendant's Statement:** Defendant intends to oppose any motion for class certification, and will likely move for summary judgment.

**V.     AMENDMENT OF PLEADINGS**

Plaintiffs filed a consolidated amended complaint on July 2, 2024.  The Parties reserve their right to seek future leave to amend under Rule 15(a)(2) on any available basis.

**VI.    EVIDENCE PRESERVATION**

The Parties certify that they have all reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. The Parties have further agreed, consistent with those Guidelines, to confer regarding the submission of a stipulated Protective Order and a stipulated Protocol for the Preservation and Production of Electronically Stored Information. The Parties currently are taking appropriate steps to preserve documents and data they reasonably believe may be relevant in this litigation.

**VII.   DISCLOSURES**

The Parties have not yet served initial disclosures. Pursuant to Rule 26(a)(1)(C), the Parties propose that they serve their initial disclosures by September 19, 2024—21 days after the August 29, 2024, Case Management Conference.

**VIII.  DISCOVERY**

    **A.     Discovery To Date:** Plaintiffs served an initial set of document requests on July 18, 2024.  Defendant's discovery responses are due on September 19, 2024.  No other discovery has taken place to date and there are no pending discovery disputes.

     **B.**    **Service of Discovery:** The Parties agree to accept service of discovery and discovery responses by e-mail.

     **C.**    **Proposed Limitations or Modifications of the Discovery Rules:** The Parties agree to abide by the limitations on discovery imposed by the Federal Rules of Civil Procedure and Civil Local Rules. If either party later believes that additional discovery is required, the parties will confer regarding such discovery and the requesting party will seek leave from the Court if an agreement cannot be reached. The parties further agree to meet and confer on the entry of a Protective Order, Stipulation for the Preservation and Production of Electronically Stored Information, and Rule 502(d) Order, which they anticipate submitting to the Court within 90 days.

     **D.**    **Scope of Discovery**

          **1.**    **Plaintiffs' Statement:** Plaintiffs anticipate the need to conduct discovery on, without limitation, the following areas: (i) pricing, sales data, and profits related to the sale and dissemination of Class members' geolocation data; (ii) marketing and advertising materials used in connection with the sale or other dissemination of geolocation data; (iii) internal documents and communications regarding the creation of, sale, marketing, dissemination, and advertising of the geolocation data; and (iv) the collection and tracking of geolocation data of Class members.

          **2.**    **Defendant's Statement:** Defendant intends to conduct discovery regarding Plaintiffs' alleged use and interaction with mobile applications using Defendant's code or which are alleged to have provided information to Defendant. Defendant further intends to conduct discovery regarding the disclosures or information provided by relevant non-party mobile application developers, as well as discovery regarding the knowledge, experiences, and expectations of absent members of the proposed class.

**IX.**    **CLASS ACTIONS**

Consistent with L.R. 16-9(b)'s requirements, Plaintiffs assert that the present action is maintainable as a class action under Fed. R. Civ. P. 23(a)(1)-(4), (b)(2), and (b)(3). The Parties have proposed a schedule regarding class certification, as outlined in Section 15, *infra*.

Defendant intends to oppose class certification and disagrees that any class can be certified under Rule 23. All attorneys of record for the Parties have reviewed the Procedural Guidance for Class Actions Settlement.

## X. RELATED CASES

The Parties are unaware of any cases related to this action pursuant to L.R. 3-12, although Defendant reserves all rights in this regard if the proposed class is expanded beyond California residents.

## XI. RELIEF

Plaintiffs seek actual damages and equitable monetary relief, punitive damages, attorneys' fees, costs and expenses, and any other such relief the Court deems appropriate.

## XII. SETTLEMENT AND ADR

The Parties have not yet had discussions regarding settlement. Plaintiffs believe that some initial discovery is needed for the Parties to be in a position to discuss settlement.

The Parties have reviewed the ADR procedures in ADR L.R. 3-5 and submitted their ADR Certifications.

## XIII. OTHER REFERENCES

The Parties do not believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time.

## XIV. NARROWING OF ISSUES

The Parties are unaware of any issues that can be narrowed by agreement or motion at the present time.

## XV. SCHEDULING

The Parties propose the following schedule:

| Event | Proposed Deadline |
| --- | --- |
| Exchange of Initial Disclosures | September 19, 2024 |
| Deadline to Amend Pleadings (FRCP 15(a)(2)) | September 30, 2024 |

| | |
|---|---|
| Deadline for the substantial completion of the production of documents responsive to requests served on or before January 13, 2025 | March 18, 2025 |
| Motion to certify class and disclosure of expert reports in support of class certification | April 18, 2025 |
| Opposition to class certification motion and disclosure of supporting expert reports | June 13, 2025 |
| Reply regarding class certification motion | July 25, 2025 |
| Completion of all fact discovery | 90 days after the Court's ruling on Plaintiff's Motion for Class Certification |
| Designation of Plaintiffs' merits experts and Rule 26(a)(2) disclosures, including expert reports | 30 days after the close of fact discovery |
| Designation of Defendant's merits experts and Rule 26(a)(2) disclosures, including expert reports | 30 days after disclosure of Plaintiff's merits experts |
| Close of Expert Discovery | 30 days after disclosure of Defendant's merits experts |
| Deadline to file dispositive motions / *Daubert* motions | 30 days after the close of expert discovery |
| Motions *in Limine* | 60 days after the Court's ruling on Motions for Summary Judgment |
| Pretrial Conference | 30 days after filing of Motions in Limine |
| Trial | 21 days after Pretrial Conference |

## XVI. TRIAL

Both parties demand a jury trial of any claims triable by a jury and expect trial to last approximately 5-10 court days.

## XVII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

**Plaintiffs' Statement**: Plaintiffs are unaware of any non-party interested entities or persons.

**Defendant's Statement**: Defendants are not presently aware of any non-party interested entities or persons, but as noted above, are presently unaware of the mobile phone applications underlying Plaintiffs' claims, and may have indemnity rights.

## XVIII. PROFESSIONAL CONDUCT

Counsel for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California and agree to comply with them.

## XIX. OTHER

The Parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Dated: August 22, 2024            **BURSOR & FISHER, P.A.**

By:   /s/  *L. Timothy Fisher*

L Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Joseph I. Marchese (*pro hac vice* forthcoming)
Julian C. Diamond (*pro hac vice* forthcoming)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: jmarchese@bursor.com
        jdiamond@bursor.com

**AHDOOT & WOLFSON, PC**
Tina Wolfson (SBN 174806)
Robert Ahdoot (SBN 172098)
Theodore Maya (SBN 223242)
Deborah De Villa (SBN 312564)
Sarper Unal (SBN 341739)
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505-4521
Tel: 310.474.9111
Fax: 310.474.8585
Email: twolfson@ahdootwolfson.com
        rahdoot@ahdootwolfson.com
        tmaya@ahdootwolfson.com
        ddevilla@ahdootwolfson.com
        sunal@ahdootwolfson.com

**AHDOOT & WOLFSON, PC**
Melissa Clark (*pro hac vice*)
521 5th Avenue, 17th Floor
New York, NY 10175
Tel: 310.474.9111
Fax: 310.474.8585
Email: mclark@ahdootwolfson.com

*Attorneys for Plaintiffs*

Date:   August 22, 2024            **VENABLE LLP**

By: */s/ Jean-Paul P. Cart*

Jean-Paul P. Cart (SBN 267516)
jpcart@venable.com
Jonathan A. Mireles (SBN 339295)
jamireles@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone: 415.653.3750
Facsimile: 415.653.3755

*Attorneys for Defendant,*
*InMarket Media, LLC*