**VENABLE LLP**
Jean-Paul P. Cart (SBN 267516)
jpcart@venable.com
Antonia I. Stabile (SBN 329559)
astabile@venable.com
Harry Libarle (SBN 346020)
hlibarle@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone: 415.653.3750
Facsimile: 415.653.3755

Attorneys for Defendant,
InMarket Media, LLC

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE INMARKET MEDIA LOCATION DATA TRACKING LITIGATION | Case No. 3:24-cv-00511-JSC<br><br>Hon. Jacqueline Scott Corley<br><br>**INMARKET MEDIA, LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS SECOND CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**<br><br>Date: April 3, 2025<br>Time: 10:00 a.m.<br>Dept: 8, 19th Floor |

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

## I. INTRODUCTION

Pursuant to Federal Rule of Evidence 201, Defendant InMarket Media, LLC ("InMarket") requests that the Court take judicial notice of the following documents, which are attached to the Declaration of Jean-Paul P. Cart in support of this Request and InMarket's Motion to Dismiss Plaintiffs' Second Consolidated Amended Class Action Complaint ("Cart Decl."):

- **Exhibit A**: A March 3, 2021, PR Newswire article titled "Pandora Adds InMarket to its Preferred Provider List; Will Leverage its Location Conversion Index (LCI) to Measure Advertising-Driven Store Visits" (available at https://www.prnewswire.com/news-releases/pandora-adds-inmarket-to-its-preferred-provider-list-will-leverage-its-location-conversion-index-lci-to-measure-advertising-driven-store-visits-301239504.html), which is cited in the first footnote of Plaintiffs' Second Consolidated Amended Class Action Complaint ("SCAC"). *See* Cart Decl. ¶ 2.
- **Exhibit B**: A February 13, 2016, ZD NET article by Natalie Gagliordi titled "How the quiet rise of beacons has reshaped retail marketing" (available at https://www.zdnet.com/article/how-the-quite-rise-of-beacons-has-reshaped-retail-marketing/), which is cited in the second footnote of the SCAC. *See* Cart Decl. ¶ 3.
- **Exhibit C**: A June 25, 2020, presentation by InMarket and MMA Global titled "Marketing in the Face of a Pandemic" (available at https://www.mmaglobal.com/files/webinars/inmarket_final.pdf), which is cited in the second footnote of the SCAC. *See* Cart Decl. ¶ 4.
- **Exhibit D**: An October 8, 2024, InMarket Live Campaign post titled "*Q4 2024 Xlear CVS Campaign*" (available at https://inmarket.com/creative/xlearclient-directq4-2024-xlear-cvs-campaignq4-2024/), which is cited in the second footnote of the SCAC. *See* Cart Decl. ¶ 5.

- **Exhibit E**: The Apple App Store page for InMarket's "Key Ring Rewards Card Wallet" app (available at: https://apps.apple.com/us/app/key-ring-rewards-card-wallet/id372547556), which is cited in the second and fourth footnotes of the SCAC. *See* Cart Decl. ¶ 6.
- **Exhibit F**: A May 2024 InMarket white paper titled "Back-to-School Lookback InSights, Informative InSights from the 2023 B2S Shopping Season" (available at https://2750857.fs1.hubspotusercontent-na1.net/hubfs/2750857/Reports_Whitepapers_Webinars/2024%20Back-to-School%20Lookback%20InSights.pdf), which is cited in the third footnote of the SCAC. *See* Cart Decl. ¶ 7.
- **Exhibit G**: A February 16, 2022, Homepage News article titled "InMarket Insights: Walmart Tops in Customer Loyalty" (available at https://www.homepagenews.com/retail-articles/inmarket-insights-walmart-tops-in-customer-loyalty/), which is cited in the fourth footnote of the SCAC. *See* Cart Decl. ¶ 8.
- **Exhibit H:** A June 20, 2019, Hospitality Technology article titled "The Path to Purchase Institute adds inMarket Loyalty Data to its Retailer Profiles (available at https://hospitalitytech.com/path-purchase-institute-adds-inmarket-loyalty-data-its-retailer-profiles), which is cited in the fourth footnote of the SCAC. *See* Cart Decl. ¶ 9.

## II. LEGAL STANDARD AND DISCUSSION

The court may take judicial notice of any fact "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

When ruling on a motion to dismiss under Rule 12(b)(6), the court may take judicial notice of documents necessarily relied upon or incorporated by reference in the complaint. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *Smith v. Yeti Coolers, LLC*, No. 24-cv-

01703-RFL, 2024 WL 4539578, at *3 n.2 (N.D. Cal. Oct. 21, 2024); *Ortega v. UnitedHealth Grp., Inc.*, No. 23-cv-05596-JST, 2024 U.S. Dist. LEXIS 187462, at *7-8 (N.D. Cal. Oct. 15, 2024).

Exhibits A-H to the Cart Decl. are relied upon in the SCAC to purportedly support Plaintiff's "information and belief" allegations that the four apps named in the SCAC (Pandora, CVS, Michaels, and Walmart) contain the InMarket SDK. *See* SCAC at ¶¶ 12 n.1-3, 18 n.4. These documents all exist as publicly available webpages, and that they reflect what Plaintiffs relied upon is not in question. *See*, *e.g.*, *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) (concluding that documents which "appear on publicly available websites" are "proper subjects for judicial notice"). Furthermore, Plaintiffs expressly incorporate them by reference in the SCAC. *See* SCAC at ¶¶ 11-23, n. 1-4. Accordingly, the Court may take judicial notice of these documents. *See*, *e.g.*, *Gamino v. Thinx Inc.*, No. EDCV 23-2067 JGB (SHKx), 2024 U.S. Dist. LEXIS 72111, at n.2 (C.D. Cal. Apr. 18, 2024) (taking judicial notice of webpages "because they are incorporated by reference into the [SCAC], and their authenticity is not disputed").

## III. CONCLUSION

For the foregoing reasons, InMarket respectfully requests that the Court take judicial notice of and consider Exhibits A-H to the Cart Decl. in deciding InMarket's Motion to Dismiss the SCAC.

Dated: January 17, 2025

VENABLE LLP

By: */s/ Jean-Paul P. Cart*
Jean-Paul P. Cart

Attorneys for Defendant,
InMarket Media, LLC